EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (Cal. Bar Pending)
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-4493, (213) 894-2426
  Facsimile: (213) 894-7177
  E-mail: Christen.A.Sproule@usdoj.gov
        Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

August 24, 2015.

CENTRAL DISTRICT OF CALIFORNIA
BY:   VPC   DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff,<br><br>    v.<br><br>$59,520.00 IN U.S. CURRENCY<br><br>    Defendant.<br>_____<br><br>ALBERT WIDMER<br><br>    Claimant. | No. CV14-00284-SJO (ASx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>TRIAL: August 24, 2015<br>TIME: 1:30 p.m.<br><br>Before the Honorable S. James Otero<br>United States District Judge |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 52 and Local Rule 52-1 of the Central District of California, the plaintiff United States of America (the "Government") files its proposed Findings of Fact and Conclusions of Law.

## II. STATEMENT OF FACTS

1. On January 13, 2014, the government filed this in rem civil forfeiture action against the defendant $59,520.00 in U.S. Currency (the "defendant currency"), seized from an Express Mail Parcel ("subject parcel") at the Van Nuys Processing and Distribution Center. On July 23, 2014, Albert Widmer ("Widmer") filed a claim in this matter.

2. On June 18, 2013, an inspector from the United States Postal Inspection Service ("USPIS") examined Express Mail Parcel E1960660291US (the "subject parcel") at the Van Nuys Processing and Distribution Center. The subject parcel was addressed to "Thakur Widme (sic)" ("Thakur") at an address in Visalia, California. The return address was for Vana Widmer ("Vana") at an address in Wading River, New York. The subject parcel was examined by a Los Angeles Police Department canine, Roscoe. Roscoe positively alerted to the presence of the odor of narcotics.

3. Several characteristics of the subject parcel were suspicious, such as: it had cash-paid postage for overnight delivery affixed to it; the mailing label was handwritten; an individual, as opposed to a business, paid the mailing fees; and the package was mailed from a zip code different from the sender's residence.

4. On June 21, 2013, the subject parcel was opened by the USPIS pursuant to a federal search warrant. The subject parcel contained a long sleeve shirt, which was wrapped around a Top Ramen box, which itself was wrapped in a plastic bag. Inside the Top Ramen box were ten individual Zip-lock style bags, which contained the defendant currency. The defendant currency was bundled and consisted of the following denominations: 100 $100 bills, 190 $50 bills, and 2001 $20 bills. The currency had the

distinct odor of marijuana, such that the odor was obvious to the agents inspecting the subject package.

### III.   CONCLUSIONS OF LAW

**A.   Venue and Jurisdiction**

    1.   This court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

    2.   Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

**B.   Standard of Proof**

    3.   The Government must prove by a preponderance of the evidence that the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) in violation of 21 U.S.C. § 84,1 et seq.  See 18 U.S.C. 983(c)(1).

    4.   Instruction 1.3 of the Ninth Circuit Manual of Model Jury Instructions defines preponderance of the evidence as "more probably true than not true."  Black's law Dictionary defines the standard as evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other."  Black's Law Dictionary 1201 (7th Ed. 1999).

    5.   To establish forfeitability of the defendant currency, the plaintiff must prove that it is more likely than not that the defendant currency is or is traceable to proceeds of one or more violations of 21 U.S.C. § 841, et seq. That is to say, it is more likely than not that a box containing a long sleeve shirt, which was wrapped around a Top Ramen box, which itself was wrapped in a plastic bag, which contained the defendant currency separated and bundled in ten individual Zip-lock style bags, and which triggered a positive canine alert, is proceeds of violations of 21 U.S.C. § 841, et seq.

**C.   Relevant Law**

    6.   The court must look to the totality of the circumstances to determine if the government has established forfeitability.  United States v. $181,987.14 in U.S. Currency, 2002 WL 31951270, *3-4 (S.D. Ohio 2002); United States v. $30,670 in U.S. Funds, 403 F.3d 448, 469 (7th Cir. 2005); United States v. $242,484.00 in U.S.

5

Currency, 389 F.3d 1149, 1160 (11th Cir. 2004) ("[W]e have eschewed clinical detachment and endorsed a common sense view to the realities of normal life applied to the totality of the circumstances"); United States v. $105,180.00 in U.S. Currency, 2013 U.S. Dist. LEXIS 70615, *30 (D. Az. May 17, 2013) (factors pointing to illegality when "taken as a whole," are sufficient to show money was connected to illegal drug activity).

7.  In order to prove a violation of 21 U.S.C. § 881(a)(6), "government may discharge its burden of proving that assets are subject to forfeiture with circumstantial evidence and is not required to trace assets to a particular drug transaction." See United States v. Real Property Located at 22 Santa Barbara Drive, 264 F.3d 860, 872 (9th Cir. 2001) (circumstantial evidence may be used to show property subject to forfeiture); United States v. All Assets and Equip. of W. Side Bldg. Corp., 58 F.3d 1181, 1189 (7th Cir. 1995) ("direct connection between the property subject to seizure and the illegal activity that renders the items forfeitable need not be shown); United States v. 2001 Volkswagen Beetle, 2008 U.S. Dist. LEXIS 101984, *15 (E.D. Cal. Dec. 5, 2008) ("[C]ase law confirms...the government need not show a relationship between the proceeds and a specific drug transaction.").

**D.  The Defendant Currency Is Proceeds of Illegal Drug Activity.**

8.  The Court considered testimony from Visalia Police Detective Clay Moffett, U.S. Postal Inspector Joseph Bennett, and U.S. Postal Inspector Mark Hallisey, whom this Court qualified as an expert witness on the identification of packages associated with narcotics trafficking. Each of these witnesses testified that the manner in which the Express Mail Parcel E1960660291 US seized on June 18, 2013 (the "subject parcel") containing currency totalling $59,520 (the "defendant currency") was packaged and mailed was indicative of narcotics trafficking. Specifically, these factors included that the subject parcel had cash-paid postage for overnight delivery affixed to it, its label

was handwritten, no business account was used to pay the mailing fees,[1] and the postal code (i.e., zip code) from which it was sent was different from the sender's residence.

9. The presence of these factors prompted Inspector Bennett to request a canine sniff of the subject parcel. As testified to by Los Angeles Police Officer Diana Smith, Los Angeles Police Department canine, Roscoe, a sophisticated narcotics detection canine, positively alerted on the subject parcel due to the presence of the odor of narcotics.

10. On June 21, 2013, Inspector Bennett obtained a federal search warrant to open the subject parcel. Inside the subject parcel was a long sleeve shirt, a Top Ramen box wrapped in plastic, which box contained ten individual Zip-Lock style bags, which contained the defendant currency. Inspector Bennett testified that the package had the distinct odor of marijuana.

11. The suspicious characteristics of the packaging and the positive canine alert are sufficient for this Court to find that the defendant currency has a nexus to the drug trade because the Court may use circumstantial evidence and the common sense realities associated with the drug trade. See $242,484.00 in U.S. Currency, 389 F.3d at 1160. Moreover, the government need not connect defendant currency to any particular illegal drug transaction. All Assets and Equip. of W. Side Bldg. Corp., 58 F.3d at 1189.

12. However, in this case, the government also provided evidence through testimony from Visalia Police Department Detectives Clay Moffett and Ryan Lasalde that the recipient of the subject parcel had a second parcel seized just a few months after the subject parcel was seized. This second parcel was also sent from New York State, less than 20 miles from where the sender of the subject parcel resides, and was sent to Thakur Widmer in N. Bradley, California. The second parcel was shipped in the same manner as the subject parcel. That is, the second parcel had cash-paid postage, a hand-written mailing label, had a sender's address that did not exist, and was positively alerted

---

[1] Overnight shipping is most often associated with business activity rather than personal.

to by sophisticated narcotics detection Visalia Police Department canine, Mack. The second parcel contained used books, a bag, and a shoe box, which was taped at the seams. Inside the shoe box were two additional boxes – one of which was empty and the other, which was wrapped in plastic and bound by rubber-bands, contained $300 in loose cash and a plastic bag containing $21,400.00.

13. The fact that Thakur Widmer had received a second parcel with a large amount of currency is probative and gives credibility to the government's theory concerning the subject parcel. The government is entitled to use information discovered after the filing of a complaint to support its case. 18 U.S.C. § 983(c)(2).

14. The sender of the subject parcel, Vana Widmer wired large amounts of cash to the receiver of the subject parcel, Thakur Widmer, on two occasions only a few months before he mailed the subject parcel. This indicates a business relationship between these brothers. It also tends to disprove Vana's claim that he thought mailing currency was the best means of transferring currency to his brother.

**E.     Claimant's Defense**

15. The claimant has not asserted an affirmative defense in this case, but instead simply argues that the defendant currency is proceeds of an inheritance he received in 2011, and which, a portion of, he left with his son Vana Widmer in New York. He testified that he later asked Vana to send $60,000 (i.e., the defendant currency) to another son, Thakur, in California. The claimant testified that the defendant currency was to be used to repair two homes in which the claimant has an interest.

16. However, the claimant's purported evidence was wrought with issues of unreliability. His bank statements were uncertified and incomplete, and the testimony he gave was inconsistent.

### III.    VERDICT

17. For the reasons set out above, the Court finds that the government has

8

proven by a preponderance of the evidence that the defendant currency, $59,520.00 in U.S. Currency, constitutes property involved in or traceable to one or more violations of 21 U.S.C. § 841, et seq. and, therefore, is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

18. The Court also finds that the claimant, Albert Widmer, has not proven by a preponderance of the evidence that he has a valid claim to the defendant currency.

**THEREFORE,** all right, title, and interest in the defendant currency is hereby ordered forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

**IT IS SO ORDERED.**

August 24, 2015.

DATE

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/Christen A. Sproule*
CHRISTEN A. SPROULE
Assistant United States Attorney
LUCAS E. ROWE
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

